UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

EXPERIS US INC.,
a Wisconsin corporation
100 Manpower Place
Milwaukee, WI 53212

             Plaintiff,

  v.

HELLIER MECHANICAL SERVICES, INC.,
a Georgia corporation
95 Grove Park Lane
Woodstock, GA 30189

             Defendant.

Case No.: 18-cv-1974

Case Code: 190 (Other Contract)

---

## COMPLAINT

As its complaint against the defendant, Hellier Mechanical Services, Inc., plaintiff, Experis US Inc., alleges as follows:

**Parties**

1. Plaintiff, Experis US Inc., ("Experis") is a Wisconsin corporation with its principal place of business at 100 Manpower Place, Milwaukee, Wisconsin 53212. Experis is a leading provider of high-skill professional staffing solutions.

2. Defendant, Hellier Mechanical Services, Inc., ("Hellier") is a Georgia corporation with its principal place of business at 95 Grove Park Lane, Woodstock, Georgia 30189. Hellier is an engineering consultant company.

## Jurisdiction and Venue

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Experis and Hellier.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in this District.

## Count 1: Breach of Contract

5. Experis repeats and realleges the allegations in paragraphs 1 and 4 of this complaint as if fully set forth herein.

6. On September 15, 2015, Experis and Hellier entered into a Master Services Agreement (the "MSA") for Experis to provide staffing services to Hellier. A true copy of the MSA is attached hereto and marked as **Exhibit 1**.

7. Experis opened an account for Hellier based upon the MSA. Between November 2017 and June 2018, at Hellier's request, Experis provided various staffing services to Hellier under the MSA.

8. Experis invoiced Hellier for the staffing services provided under the MSA. Payment of Experis' final invoice to Hellier was due on July 15, 2018.

9. Experis demanded payment from Hellier, but Hellier failed to pay the amount due Experis for the services Hellier received under the MSA. There remains due and owing $255,155.77 by Hellier on its account with Experis. A true copy of a Statement of Account listing the open invoices and the balance due on Hellier's account with Experis is attached hereto and marked as **Exhibit 2**.

10. Hellier materially breached the MSA by failing to make payment for the staffing services provided by Experis.

11. Under the payment provision set forth in section 4.a. of the MSA, Hellier agreed to pay interest at a rate of 1.5% per month on any balance unpaid after thirty (30) days. Since August 14, 2018 (the date by which all invoices were at least 30 days past due) interest has been accruing on Hellier's account with Experis at a rate of $3,827.34 per month.

12. Because of Hellier's breach of the MSA, Experis has sustained damages in the amount of $255,155.77, plus interest at a rate of $3,827.34 per month since August 14, 2018, together with costs and fees as allowed by law.

13. Experis has complied with all conditions precedent to its right to recovery.

**Count 2: Account Stated**

14. Experis repeats and realleges the allegations in paragraphs 1 and 13 of this complaint as if fully set forth herein.

15. Between November 2017 and June 2018, Experis provided services to Hellier.

16. Experis delivered account statements to Hellier reflecting the $255,155.77 balance due and owing on Hellier's account with Experis stemming from the staffing services provided between November 2017 and June 2018.

17. Hellier accepted and retained the account statements without objection, which constitutes an account stated.

18. As a direct result of Hellier's failure to pay the account stated, Experis has sustained damages in the amount of $255,155.77, plus interest at a rate of $3,827.34 per month since August 14, 2018, together with costs and fees as allowed by law.

19. Experis has complied with all conditions precedent to its right to recovery.

## Count 3: Quantum Meruit

20. Pleading in the alternative, Experis repeats and realleges the allegations in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21. Experis, in good faith, rendered staffing services to Hellier at Hellier's request.

22. Hellier benefited from the staffing services rendered by Experis.

23. Hellier acted with knowledge and appreciation of the staffing services performed by Experis.

24. Hellier accepted the services under such circumstances that it would be inequitable for it to retain the benefits of the services without paying for the reasonable value of the services.

25. Experis is entitled to an award from Hellier based on the reasonable value of such services at the time the work was performed.

**WHEREFORE**, Experis demands judgment against Hellier as follows:

a) Damages in the amount of $255,155.77;

b) Contractual interest from August 14, 2018, at a rate of $3,827.34 per month;

c) Its costs and fees as allowed by law; and

d) Such other relief as the Court deems just and proper.

Dated: December 13, 2018.

By: ___*s/ Zach S. Whitney*___
Zach S. Whitney
WI State Bar # 1046655
KOHNER, MANN & KAILAS, S.C.
Washington Building
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
zwhitney@kmksc.com
*Attorneys for Plaintiff Experis US Inc.*